[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13450
Non-Argument Calendar

_____

D. C. Docket No. 05-14343-CV-KAM

ANTONIO MENENDEZ,

Plaintiff-Appellant,

versus

KEEFE SUPPLY COMPANY,
KEEFE CANTEEN MGR. O.C.I.,
OKEECHOBEE CORRECTIONAL INSTITUTION,
ORLESTER DICKENS, Warden,
J. D. ANDERSON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 24, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Antonio Menendez, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. For the reasons that follow, we affirm.

## I. Background

Menendez filed a § 1983 action against Keefe Supply Company ("Keefe"); Keefe's canteen manager; Okeechobee Correctional Institution; Orlester Dickens, the prison warden; J.D. Anderson and John or Jane Doe of the Board of Inmate Grievance Appeals; and S. Montijo-Banasco and Marta Villacorta of the Florida Department of Corrections ("DOC"), alleging that the defendants had negligently failed "to protect, and then replace" his "constitutionally-protected property." Specifically, Menendez alleged that on February 26, 2005, a fellow inmate stole his prison identification card and used it to charge $47.82 worth of commissary items to his inmate account, even though he had personally warned canteen operators of the theft and was told that the card had been deactivated. Menendez further alleged that although he followed all of the grievance procedures outlined by the DOC, officials failed to restore the $47.82 to his account. In relief, he sought restitution of the $47.82, reimbursement of the costs incurred in filing the instant complaint, and other monetary damages.

2

After performing the required screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, the magistrate court concluded that adequate remedies were available to Menendez under state law, and thus, the alleged deprivation was not cognizable under § 1983. The magistrate therefore recommended that Menendez's complaint be dismissed for failure to state a claim upon which relief may be granted. Menendez objected to the recommendation, asserting that the state had failed to provide an adequate post-deprivation remedy, as he had followed the DOC's grievance procedures and not obtained relief. The district court adopted the magistrate's recommendation and dismissed the complaint. Menendez now appeals.

## II. Discussion

We review de novo the sua sponte dismissal of a complaint under § 1915A. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under § 1915A, the magistrate or district court is required to screen civil complaints filed by prisoners against governmental officers or entities, and shall dismiss the complaint if it is frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b)(1), (b)(2). A complaint fails to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Flint v. ABB, Inc., 337 F.3d 1326, 1328-29 (11th Cir. 2003). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, federal courts have discretion to dismiss pro se claims if they lack an arguable basis either in fact or in law. Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Carey v. Piphus, 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978). "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)).

But "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process[,]" as "the Constitution does not guarantee

4

due care on the part of state officials." Sacramento v. Lewis, 523 U.S. 833, 849, 118 S.Ct. 1708, 1718, 140 L.Ed.2d 1043 (1998). Thus, mere negligent conduct does not "wor[k] a deprivation in the constitutional sense." Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). And although due process generally "entitles an individual to notice and some form of hearing before state action may finally deprive him or her of a property interest[,]" Cryder, 24 F.3d at 177, due process does *not* require a *pre*-deprivation hearing "where the holding of such a hearing would be impracticable, that is, where the deprivation is the result of either a negligent or an intentional deprivation of property." McKinney v. Pate, 20 F.3d 1550, 1562-63 (11th Cir. 1994) (citations omitted). "[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." Id. at 1577. "[A]s long as some adequate post[-]deprivation remedy is available, no due process violation has occurred." Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991).

Here, Menendez alleges that the defendants were "negligent" in their handling of the theft of his identification card, the unauthorized use of his inmate account, and the "subsequent denials for relief" via the DOC's grievance procedures. But, as stated above, "liability for negligently inflicted harm is

5

categorically beneath the threshold of constitutional due process." <u>Lewis</u>, 523 U.S. at 849, 118 S.Ct. at 1718. As such, Menendez has failed to allege "a deprivation in the constitutional sense," and his claim is not cognizable under § 1983.[1] <u>Daniels</u>, 474 U.S. at 330, 106 S.Ct. at 664. Accordingly, the dismissal of his complaint was proper.

### III. Conclusion

For the foregoing reasons, we **AFFIRM**.

---

[1] We may affirm the judgment below "on any ground that finds support in the record." <u>Lucas v. W.W. Grainger, Inc.</u>, 257 F.3d 1249, 1256 (11th Cir. 2001).